# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-06608-CAS(Ex) | Date | November 26, 2018 |
|---|---|---|---|
| Title | RK SOLUTIONS, LLC ET AL. v. VITAJOY USA INC. ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Ryan Hatch  Brian Kennedy

**Proceedings:** DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (Dkt. 18, filed Oct. 15, 2018)

## I. INTRODUCTION

On August 1, 2018, plaintiffs RK Solutions, LLC, and VND Butyrate, LLC filed a patent infringement action against defendants Vitajoy USA Inc. ("Vitajoy USA") and Suzhou Vitajoy Bio-Tech Co., Ltd. ("Suzhou Vitajoy"). Dkt. 1. On October 1, 2018, plaintiffs filed a first amended complaint which alleges a single claim for relief based on patent infringement. Dkt. 17 ("FAC"). On October 15, 2018, Vitajoy USA filed the instant motion to dismiss plaintiffs' complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 18 ("MTD"). On November 5, 2018, plaintiffs filed an opposition. Dkt. 20 ("Opp'n"). Vitajoy USA filed a reply on November 9, 2018. Dkt. 21 ("Reply"). The Court held a hearing on November 26, 2018. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs allege the following in their complaint.

Plaintiff VND Butrayte is the licensor and owner of Patent No. 6,613,356 ("the '356 Patent"), and plaintiff RK Solutions is the exclusive licensee of the '356 Patent. FAC ¶ 1; Ex. A ("Patent"). The claims of the '356 Patent describe processes and compositions of matter for causing weight loss or avoidance of weight gain though oral administration of butyric acid or one or more enumerated pharmaceutically effective acceptable salts or derivatives of butyric acid. Id. ¶ 2; Patent at 6–7.

Plaintiffs allege that defendant Vitajoy USA is a California corporation and wholly-owned subsidiary of Suzhou Vitajoy, a Chinese corporation. FAC ¶¶ 5–7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06608-CAS(Ex) | Date | November 26, 2018 |
| Title | RK SOLUTIONS, LLC ET AL. v. VITAJOY USA INC. ET AL. | | |

According to plaintiffs, defendants "have been and are directly infringing, inducing others to infringe, and/or contributorily infringing, literally, under the doctrine of equivalents, and/or jointly, one or more claims of the ['356] Patent, in the State of California, including claims 1, 14 and 17, in this judicial district, and elsewhere in the United States by, among other things, importing, making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the ['356] Patent, including, but not limited to, sodium betahydroxybutyrate, calcium betahydroxybutyrate, potassium betahydroxybutyrate, and magnesium betahydroxybutyrate products ("BHB Products")." FAC ¶ 16.

By way of example, plaintiffs allege that Vitajoy USA's agent and Vice President of Sales and Marketing, Casey Crane, has offered to sell BHB Products to plaintiffs' customers who provide tablets, capsules, and softgels designed for weight-loss or avoidance of weight gain. Id. ¶ 20. Plaintiffs thus allege that defendants "intend for the BHB Products to be used for weight-loss or avoidance of weight gain, and for their BHB Products to be formulated into tablets, capsules and softgels." Id.

Plaintiffs also allege that defendants advertise and market "BHB Salts" to customers in the United States through social media networking platforms, including Linkedin, with images such as the one below:



Id. ¶ 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:18-cv-06608-CAS(Ex) | Date | November 26, 2018 |
|---|---|---|---|
| Title | RK SOLUTIONS, LLC ET AL. v. VITAJOY USA INC. ET AL. | | |

## III.  LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06608-CAS(Ex) | Date | November 26, 2018 |
| Title | RK SOLUTIONS, LLC ET AL. v. VITAJOY USA INC. ET AL. | | |

Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Vitajoy USA contends that plaintiffs have failed to state a claim for direct, indirect, or contributory patent infringement because: (1) plaintiffs do not plead facts sufficient to plausibly show that defendants infringe each and every element of at least one claim of the '356 Patent; (2) plaintiffs fail to adequately allege that a third party has infringed each and every element of at least one claim of the '356 Patent; and (3) plaintiffs do not adequately allege facts that establish that Vitajoy USA knowingly induced a third party's infringement of the '356 Patent or that Vitajoy USA knew that the BHB Products were especially made for weight loss or prevention of weight gain. MTD at 1–2.

In opposing defendant's motion to dismiss, plaintiffs focus specifically on how the first amended complaint states a patent infringement claim based on indirect infringement of claim 1 of the '356 Patent, but plaintiffs note that they reserve the right to identify additional claims for infringement as their case proceeds. Opp'n at 2–6. At oral argument, plaintiffs indicated that they did not have evidence to support their allegations of defendants' infringement of claims 14 and 17 of the '356 Patent and that they plan to pursue those claims if discovery proves them to be meritorious. Accordingly, the Court focuses its analysis on plaintiffs' claim of indirect infringement of claim 1 and dismisses the remainder of plaintiffs' claims.

The Patent Act imposes liability upon persons who actively induce others to infringe a patent. 35 U.S.C. § 271(b). "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" Lifetime Industries, Inc. v. Trim-Lok, Inc., 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1339 (Fed. Cir. 2012)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06608-CAS(Ex) | Date | November 26, 2018 |
| Title | RK SOLUTIONS, LLC ET AL. v. VITAJOY USA INC. ET AL. | | |

The Court finds that plaintiffs have plausibly alleged that Vitajoy USA induced its customers and other end-users to infringe claim 1 of the '356 Patent.

Claim 1 of the '356 Patent contains three elements: (1) A process for causing weight loss, or avoidance of weight gain, in mammals, (2) comprising oral administration to said mammals, (3) of butyric acid or one or more pharmaceutically effective and acceptable salts or derivatives of butyric acid selected from the group consisting of butyric acid, sodium butyrate, calcium butyrate, potassium butyrate, magnesium butyrate, alphahydroxybutyric acid, sodium alphahydroxybutyrate, calcium alphahydroxybutyrate, potassium alphahydroxybutyrate, magnesium alphahydroxybutyrate, betahydroxybutyric acid, sodium betahydroxybutyrate, calciumbetahydroxybutyrate, potassium betahydroxybutyrate, magnesium betahydroxybutyrate, isobutyric acid, sodium isobutryate, calcium isobutyrate, potassium isobutyrate, and magnesium isobutyrate. Patent at 6–7.

Plaintiffs allege that Vitajoy USA advertises, markets, and sells BHB Products to entities in the United States who formulate BHB Products into tablets, capsules, and softgels to be ingested for purposes of weight loss or avoidance of weight gain. FAC ¶¶ 16, 19–21. Plaintiffs also allege that defendants specifically intend for its products to be orally administered by end-users for weight loss or avoidance of weight gain. Id. ¶ 19. The Court thus finds that the first amended complaint sufficiently alleges that Vitajoy USA induces its end-users to directly infringe claim 1 of the '356 Patent by orally ingesting a product containing at least one of the ingredients listed in the third element of claim 1 for the purpose of weight loss or avoidance of weight gain.

With respect to intent and knowledge, the Court also finds that plaintiffs adequately plead that Vitajoy USA had knowledge of the patent before the allegedly infringing acts. Plaintiffs allege that Vitajoy USA has known of the '356 Patent since at least July 27, 2017, when plaintiff RK Solutions sent a letter to Vitajoy USA's parent corporation, Suzhou Vitajoy, regarding their alleged violations of the '356 Patent. Id. ¶¶ 7, 18. Although Vitajoy USA disputes the plausibility of plaintiffs' allegations, at this juncture the Court must accept plaintiffs' allegations as true and finds that Suzhou Vitajoy's alleged knowledge of the '356 Patent could be imputed to Vitajoy USA. Plaintiffs also adequately plead that Vitajoy USA intended for its customers and other end-users to infringe the '356 Patent by targeting entities that provide BHB Products for the purpose of weight loss or avoidance of weight gain, and by providing instructions on how to use the BHB Products. Id. ¶¶ 20–24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06608-CAS(Ex) | Date | November 26, 2018 |
| Title | RK SOLUTIONS, LLC ET AL. v. VITAJOY USA INC. ET AL. | | |

Plaintiffs' allegations are sufficient to state a claim for indirect infringement of Clam 1 of the '356 Patent. Vitajoy USA's arguments regarding the merits and plausibility of plaintiffs' patent infringement claim are better suited to be decided on a more developed factual record.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby **DENIES** defendant's motion to dismiss plaintiffs' patent infringement claim to the extent this claim is based on indirect infringement of claim 1 of the '356 Patent. The Court **DISMISSES without prejudice** plaintiffs' patent infringement claim to the extent it is not based on indirect infringement of claim 1 of the '356 Patent.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |