Ryan E. Hatch (SBN 235577)
Law Office of Ryan E. Hatch, PC
13323 W. Washington Blvd., Suite 100
Los Angeles, CA 90066
Email: ryan@ryanehatch.com

Ethan J. Brown (CA SB No. 218814)
Rowennakete Barnes (CA SB No. 302037)
ethan@bnsklaw.com
kete@bnsklaw.com
Brown, Neri, Smith & Khan LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, CA 90025
Work: 310-593-9890
Fax: 310-593-9980

Attorneys for Plaintiffs
RK Solutions, LLC and Axcess Global Sciences, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RK SOLUTIONS, LLC and AXCESS GLOBAL SCIENCES, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**VITAJOY USA INC.**<br><br>**Defendant,**<br><br>**And Related Counterclaims** | Civil Action No. 2:18-cv-06608-CAS-E<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>Honorable Charles F. Eick<br>Courtroom: 750, 7th Floor |

WHEREAS, Plaintiffs and Counterclaim-Defendants RK Solutions, LLC and Axcess Global Sciences, LLC, and Defendant and Counterclaimant Vitajoy USA, Inc. (collectively, the "Parties"), have in their possession certain information which they contend constitute confidential, proprietary, private information, and/or trade secret information, and that such information has been or may be requested in discovery or deposition in the course of this litigation ("Confidential Information"); and

WHEREAS, the parties to this action desire to avoid further controversy regarding the potential disclosure of said Confidential Information;

IT IS HEREBY STIPULATED by and between the Parties hereto, through their respective counsel of record, as follows:

1. **DEFINITIONS**

    1.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts and Counsel (and their respective support staff).

    1.2. <u>Non-Party</u>: an entity or individual other than a Party, including all of its officers, directors, employees, consultants, retained experts and Counsel (and their respective support staff).

    1.3. <u>Counsel</u>: any attorney employed or retained who represents a Party or Non-Party in this action. This definition shall apply to all in-house attorneys and all attorneys of a law firm who receive Confidential or Highly Confidential information as defined herein, regardless of whether any individual attorney has entered an appearance in the case. However, this definition shall not be interpreted to bind any attorney who does not in fact receive Confidential or Highly Confidential information to the terms of this Protective Order.

    1.4. <u>Disclosure or Discovery Material</u>: all materials, information, documents, and things produced, disclosed, or generated, whether formally or informally, or submitted to the Court in this action, including without limitation testimony at depositions upon oral examination or upon written questions, transcripts of

depositions, answers to interrogatories, documents or things produced, information obtained from inspection of premises or things, answers to requests for admission, and any other discovery or disclosure made in this action.

1.5. "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things including, but not limited to, (a) anything that a party contends qualifies as a trade secret under Federal or California law, (b) any document or thing that the Designating Party believes in good faith constitutes or embodies matter used by it in or pertaining to its business or finances, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence; (c) non-public data derived from such information, including any summaries, compilations, quotes, or paraphrases thereof; or (d) testimony concerning above.

1.6. "Highly Confidential – Attorneys' Eyes Only Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or Non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means. "Highly Confidential – Attorneys' Eyes Only" information includes, but is not limited to, material or information which constitutes or contains (1) information within the definition of trade secret; (2) customer lists; (3) sales, cost, pricing, or other financial information; (4) plans for strategic business initiatives or marketing plans; (5) confidential contracts or agreements with third parties related to strategic marketing or sales plans, or the provision of materials, goods, supplies or services; (6) non-public communications with customers and/or suppliers; (6) other confidential research, development, or commercial or financial information of any extremely sensitive nature that may cause significant competitive harm to the Designating Party if disclosed to persons other than those described in Section 6 below; or(7) or testimony concerning the above.

1.7. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

1.8. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

1.9. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

1.10. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

1.11. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant especially for purposes of this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.12. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 2. SCOPE

The protections conferred by this Protective Order cover not only Protected Material, but also any Confidential or Highly Confidential information copied, derived, or extracted therefrom, as well as all copies, excerpts, summaries, abstracts, or compilations thereof, plus deposition testimony and out of court conversations or presentations by any Party or Counsel that reveal Protected Material. This Protective Order shall be binding on the Parties, and their successors, assigns and employees.

## 3. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a receiving party destroys or returns all Protected Materials as provided for in this agreement, a Designating Party agrees otherwise in writing, or a court order otherwise directs.

4. **DESIGNATING PROTECTED MATERIAL**

4.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. In good faith, any Party or Non-Party that produces material or information in this litigation may designate it as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by labeling or marking that material or information in the manner described in Section 4.2. The Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If the Receiving Party believes that Protected Material produced pursuant to this section should be de-designated, it must specifically identify to the Designating Party those page(s) or item(s) that it believes should be de-designated. Thereafter, the parties agree to negotiate in good faith, under the guidelines set forth in Section 5.2 in an attempt to resolve the issue. If the parties are unable to reach a resolution, the Receiving Party may seek the assistance of the Court under Section 5.3.

If it comes to a Party's or a Non-Party's attention that Disclosures or Discovery Material that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or Non-Party must promptly notify all other parties that it is withdrawing or changing the mistaken designation.

4.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (see, e.g., Section 4.2(b)), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. However, if material is produced inadvertently without a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation, the Producing Party may designate such material by reproducing it with a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation or by alerting the Receiving Party of the designation to be given to such material pursuant to Section 4.3.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential," "Highly Confidential – Attorneys' Eyes Only," or some other similar designation on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate marking in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only"), unless to do so would be impractical.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the Inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be treated as "Highly Confidential – Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of the protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

(b) for testimony given in deposition in this action, that any Party or Non-Party invoke the provisions of this Protective Order and designate the appropriate level of confidentiality ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") in a timely manner. Any Party or Non-Party may designate the testimony as a whole or identify specific portions of the testimony during the deposition as

1 "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If a Party or Non-
2 Party that sponsors, offers or gives testimony does not identify portions of the
3 testimony that qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes
4 Only" or incorrectly identifies portions of the testimony as "Confidential" or "Highly
5 Confidential – Attorneys' Eyes Only" during the deposition, it may, within 21 days of
6 receiving a transcript of the deposition, designate or change the confidentiality
7 designation of the transcript or portions thereof to identify the specific portions of the
8 testimony as to which protection is sought and to specify the level of protection being
9 asserted.
10     (c) for information produced in some form other than paper form, and for
11 any other tangible items, that the Producing Party affix in a prominent place on the
12 exterior of the container or containers in which the information or item is stored the
13 legend "Confidential," "Highly Confidential – Attorneys' Eyes Only," or some other
14 similar designation. If only portions of the information or item warrant protection, the
15 Producing Party, to the extent practicable, shall identify the protected portions,
16 specifying whether they qualify as "Confidential," "Highly Confidential – Attorneys'
17 Eyes Only," or some other similar designations.
18     (d) The treatment of documents marked "Confidential" or "Highly
19 Confidential – Attorneys' Eyes Only" in pre-trial proceedings or at trial, or pre-trial or
20 trial testimony that may disclose "Confidential" or "Highly Confidential – Attorneys'
21 Eyes Only" information, will be determined at a later date pursuant to the Court's pre-
22 trial order and/or applicable rules or procedure.
23     4.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
24 failure to designate qualified information or items as "Confidential" or "Highly
25 Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating
26 Party's right to secure protection under this Order for such material. If material is
27 appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes
28 Only" after the material was initially produced, the Receiving Party, on timely

notifications of the designation, must make a reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4.4. <u>Notice of Protective Order to Third Parties</u>. A party that serves a request, demand or subpoena for production of any Disclosure or Discovery Material on a third party shall also serve a copy of this Stipulated Protective Order on the third party from whom the Disclosure or Discovery Material is requested. The third party shall be entitled to designate any Disclosure or Discovery Material it produces as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and the Parties shall treat such Protected Material according to the terms of this Stipulated Protective Order.

**5. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2. <u>Meet and Confer</u>: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with Counsel for the Designating Party, as required by Local Rule 37. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first as contemplated by L.R. 37-1.

5.3. <u>Resolution by Court</u>. If counsel are unable to settle their differences, they shall formulate a written stipulation in accordance with L.R. 37-2. Each such stipulation must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and L.R. 37-1. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is usually entitled under the Producing Party's designation.

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with the above entitled action only. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2. <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a) the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party who have signed the "Consent To Be Bound By Stipulated Protective Order," attached hereto as Exhibit A. All persons who have access to material protected under this Protective Order shall be bound by its terms, even after leaving the employ of a party.

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Consent To Be Bound By Stipulated Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Consent To Be Bound By Stipulated Protective Order" (Exhibit A) or are the authors or recipients of the Confidential Material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Protective Order; and

(g) the author of the document, the original source of the information, and others who had access to the document or the information at the time it was created or made available, as determined from the face of the document in question, reference information in other documents, or the testimony of other witnesses.

6.3. <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a) the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who is a Non-Party (as defined in this Order), and (3) who have signed the "Consent To Be Bound By Stipulated Protective Order" (Exhibit A);

(c) the Court and its personnel;

    (d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    (e)    the author of the document, the original source of the information, and others who had access to the document or the information at the time it was created or made available, as determined from the face of the document in question, reference information in other documents, or the testimony of other witnesses.

Notwithstanding the foregoing, Counsel of the Receiving Party will be permitted to rely upon such information in advising its clients so long as the contents of the information are not disclosed. In addition, nothing in this Protective Order shall be deemed to restrict or condition in any manner the use by any Party of documents authored by the Party or its employees(s), or documents received from the opposing Party before this litigation began, except for documents designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the Producing Party.

## 7. PROTECTED MATERIAL SUBPOENAED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must notify the Designating Party, in writing promptly and no more than seven (7) court days after receiving the subpoena or order or before the date scheduled for compliance with the subpoena or order, whichever is earlier. Such notification must include a copy of the subpoena or court order. The Designating Party shall bear the burden and the expense of obtaining an order from the Court quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents. If such a motion is filed before the requested production date, the Receiving Party shall not produce the subject information or documents requested in the subpoena, discovery request, or order until after such time as the Court rules on the motion to quash subpoena or motion for protective order. If an order quashing the subpoena or motion for protective order is

obtained, the Receiving Party shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena, discovery request or order, or if the motion to quash or motion for protective order is denied, the Receiving Party may comply with the subpoena, discovery request or order without being deemed to have violated this Protective Order.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Consent To Be Bound By Stipulated Protective Order" that is attached hereto as Exhibit A.

## 9. INADVERTENT DISCLOSURE OF PROTECTED MATERIAL

Nothing in this Protective Order shall require production of information which the Parties or any Non-Party contend is protected from disclosure by the attorney-client privilege or the work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a Party has inadvertently produced to the other Party information subject to claim of immunity or privilege, the other Party upon request shall promptly return the information for which a claim of inadvertent production is made. The Party returning such information may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

## 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

However, this Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the Parties must comply with L.R. 79-5 if they seek to file anything under seal. This Order further does not govern the use at trial of material designated under this Order.

## 11. PRESENTATION AT TRIAL

A Party seeking to protect "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information at trial will be permitted to seek such protection from the Court. Nothing in this Protective Order shall be construed as an admission by the Receiving Party that such protection is necessary at trial.

## 12. FINAL DISPOSITION

Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Protected Materials to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, deposition transcripts, and other documents filed with the Court that refer to or incorporate "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain "Confidential" or "Highly Confidential – Attorneys' Eyes Only" need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

### 13. MISCELLANEOUS

13.1. <u>Filing of Protective Order</u>. Either Party may file this Stipulated Protective Order with the Court so as to obtain a court order hereon.

13.2. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.3. <u>Acknowledgement</u>. The parties acknowledge that the Court may change the terms of this Protective Order upon its own motion, after notice to each Party and an opportunity to be heard. The Court retains jurisdiction even after termination of this action to enforce this Stipulated Protective Order and to make such deletions from or amendments, modifications, and additions to the Stipulated Protective Order as the Court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Stipulated Protective Order or seeking further protection against disclosure or use of claimed Confidential Information.

13.4. <u>No Admission of Trade Secret</u>. No Party, by entering into this Stipulated Protective Order, by designating certain information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Stipulated Protective Order, or by acquiescing in any other Party's or Non-Party's designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or other confidential research, development, or commercial information subject to protection.

13.5. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 11, 2019     LAW OFFICE OF RYAN E. HATCH, PC

By: /s/ *Ryan E. Hatch*
    Ryan E. Hatch
    Attorneys for Plaintiffs and
    Counterclaim-Defendants RK Solutions,
    LLC and Axcess Global Sciences, LLC

DATED: September 11, 2019     PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ *Brian J. Kennedy*
    Brian J. Kennedy
    Attorneys for Defendant and
    Counterclaimant
    Vitaiov USA Inc

IT IS SO ORDERED.
DATED: 9/11/19

Honorable Charles F. Eick
Magistrate Judge of the U.S. District Court

# EXHIBIT A

## CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____ [name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued in the case of *RK Solutions v. Vitajoy USA Inc.*, U.S. District Court for the Central District Case No. 2:18-cv-06608-CAS-E (the "Protective Order").

I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. Specifically, I will treat any "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material I receive in this Action in accordance with the terms of the Protective Order. I also take responsibility for ensuring that any employees, staff or other assistants working under my supervision will comply with the terms of the Protective Order.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order. I understand and acknowledge that failure to so comply with the terms of this Protective Order could expose me to sanctions and punishment in the nature of contempt and/or to separate legal and equitable recourse by any Designating Party that is adversely affected by such unauthorized use.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____

_____
Signature

_____
Print Name

_____
Address

_____
Entity Represented (if applicable)

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 11, 2019

*/s/ Ryan E. Hatch*
Ryan E. Hatch